IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
01/11/2016

| | |
|---|---|
| IN RE ) | |
| ) | |
| VICKI HIEP LAM, ) | CASE NO. 15-32101-H3-13 |
| ) | |
| Debtor ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

The court heard the Trustee's Motion to Dismiss (Docket No. 25), the "Creditors, Andrew and Yen Labelle and Chi Dai Tran's Motion to Dismiss" (Docket No. 39), and confirmation of the Amended Chapter 13 Plan (Docket No. 40), to which an Objection to Confirmation (Docket No. 33) was filed by Akber Ali, Value Stop, LLC and Jalallundin Mavani.  After considering the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and will enter a separate Judgment dismissing the case.  To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such.  To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

On April 14, 2015 Vicki Hiep Lam, Debtor, filed a voluntary bankruptcy petition under Chapter 13.  Docket No. 1. The Chapter 13 Trustee moved to dismiss the case based upon the failure of the proposed plan to provide for full payment of the secured and priority claims, the failure of Debtor to provide all

information required under section 521 of the Bankruptcy Code, and the fact that the Debtor is not eligible for relief under Chapter 13 due to her debts' exceeding the statutory limits set forth in section 109(e).[1]  The Motion to Dismiss filed by Andrew and Yen Labelle and Chi Dai Tran, Creditors, contains allegations that Debtor did not file the instant case in good faith, that Debtor omitted information from her Schedules and Statement of Financial Affairs, and that she previously committed fraud on the bankruptcy court.  The Objection to confirmation of Debtor's plan filed by Akber Ali, Value Stop, LLC and Jalallundin Mavani (hereinafter collectively referred to as "Objectors") is also based upon Debtor's lack of good faith in filing and the failure of Debtor to include on her Statement of Financial Affairs a pending fraud claim that the Objectors filed in state court.

One of the purposes of chapter 13 is to allow the small sole proprietor, for whom chapter 11 is too cumbersome or otherwise inappropriate, to obtain relief under the Bankruptcy Code.  The eligibility criteria for status as a debtor under chapter 13 are set forth in section 109(e).  These criteria are specific and restrictive, with monetary amounts established to govern eligibility so as to ensure that those persons for whose

---

[1] The Trustee raised the eligibility issue based upon the testimony of Debtor and presentation of evidence at the hearing.

benefit the chapter is directed are those who employ its provisions. The court finds it appropriate to analyze the issue of whether the Debtor is eligible to be a chapter 13 debtor prior to addressing the issues of the sufficiency of the proposed chapter 13 plan and whether the instant case was filed in good faith.

Section 109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525 may be a debtor under chapter 13 of this title.

For purposes of the threshold eligibility determination in a Chapter 13 case, the general rule is that the courts determine the amount of debt as of the date of filing. The court may also consider postpetition events and developments to the extent that they shed light on the amount of debt actually owed by debtor on the petition date. See *In re Hatzenbuehler*, 282 B.R. 828 (Bankr. N. D. Tex. 2002).

Debtor's initial Schedules, filed on the petition date, reflect that Debtor had noncontingent, liquidated, unsecured debts in the amount of $118,239.93 and noncontingent, liquidated, secured debts in the amount of $361,976.00. Docket No. 13.

Schedule F reflects that the largest of these unsecured claims is a $113,583.93 judgment debt owed to Andrew and Yen Labelle. Schedule D, creditors holding secured claims, reflects the sum of $91,767.00 for the unsecured portion of Bank of America's claim. The unsecured portion of Bank of America's claim is not listed on Schedule F.  Schedule D also lists the IRS with a noncontingent, liquidated claim in the amount of $50,000.00, secured by a federal tax lien on Debtor's property.  The schedules reflect and Debtor testified that there is no equity in the home.  The value of Debtor's personal property listed on Schedule B is $27,250.00, all of which, except for two assets both valued at zero, are claimed exempt.  Consequently, the $50,000.00 claim of the IRS, listed by Debtor as secured, is actually partially or totally unsecured.  Based on the figures listed on Debtor's schedules, the actual total for noncontingent, liquidated, unsecured debts ranges from $210,006.93 to $260,006.93.

Debtor testified that, prior to filing her petition, she carefully read and reviewed her petition, schedules, and statement of financial affairs before she signed them in order to make sure they were accurate and that she listed all of her creditors.  She testified that, at the time of filing, she understood that she was verifying, under penalty of perjury, that the information provided was true and correct.  She testified that her attorney discussed the fact that filing a chapter 13

bankruptcy proceeding was restricted to individuals based upon the amount of debt owed by a debtor. Debtor testified that she understood the debt limits and understood that if all debts were not accurately listed, it would not be possible to determine whether a person was eligible to file a chapter 13 petition.

On July 29, 2015, Debtor amended her Statement of Financial Affairs to add three state court suits filed against her within one year immediately preceding the filing of the instant case. Debtor testified that, in the first suit, a judgment in the amount of $200,000 was entered against her and in favor of Chi Dai Tran on March 4, 2015. Debtor testified that she added a pending suit filed by Ali Akbar who sought recovery of $200,000 based on fraud. She also testified that she owed Kevin L. Carroll between $50,000 and $100,000 pursuant to a state court judgment rendered against her. Debtor testified that she was aware of these three lawsuits prior to signing the bankruptcy petition and understood that her signature was under penalty of perjury. Despite amending her Statement of Financial Affairs, the Debtor admitted that she did not amend Schedule F to include these unsecured debts nor did she amend her mailing matrix to add these creditors, Tran, Akbar and Carroll, to the list of parties entitled to receive notice. Adding these additional three claims to the amounts listed on Debtor's schedules results in noncontingent, liquidated, unsecured debts totaling an amount

5

that ranges from $660,006.93 to $760,006.93.

Debtor testified that the primary reason she filed bankruptcy was because of the judgment owed to the Labelles. Despite listing the amount of the Labelle's judgment debt on Schedule F as $113,000, Debtor testified that, prior to filing bankruptcy, she paid $30,000.00 to the Labelles and Debtor believed she only owed them $50,000.  No explanation or reason was given by Debtor for the discrepancy as to what she thought was the correct amount owed and the amount listed on the schedules.

Even if the amount of noncontingent, liquidated unsecured debt was calculated by using the amount that Debtor testified she believed she owed to the Labelles, Debtor would still have a minimum of $597,006.93 in noncontingent, liquidated unsecured debt.  The court finds that Debtor is not eligible for Chapter 13 relief based upon the amount of debt that was actually owed by Debtor on the petition date.

In light of the court's finding as to eligibility, it need not determine the sufficiency of the proposed chapter 13 plan or whether the instant case was filed in good faith. However, the court notes that the evidence adduced in the instant case does support findings that the Debtor failed to disclose relevant and required information on her schedules and statement of financial affairs.  The omissions include but are not limited

6

to the following.  Debtor failed to obtain accurate cash balances on bank accounts and instead relied on her "guestimates" and prior bank statements.  Lam Exhibit No. 1, Schedule B, page 2.  Debtor claimed she had no jewelry or accessories but admitted that she owned the 14 karat gold necklace she was wearing the date of the hearing.  Lam Exhibit No. 1, Schedule B, page 3.

Debtor admitted under oath that the $500 value of her interest in Road to Victory, Inc. was not accurate.  Lam Exhibit No. 1, Schedule B, page 4.  She testified that the assets of the corporation included numerous companies doing business under various names, each of which had its own bank accounts on which she was a signatory.  None of these companies or their values were listed.  Debtor testified that she has no ownership interest in these companies although she filed certificates of ownership, which Debtor signed in her individual capacity as owner, with the Clerk of Court for Fort Bend County.  Creditors Exhibit No. 6.  Debtor claims she intended to file the certificates of ownership in the name of Road to Victory, Inc.  Despite this explanation, Debtor has not amended or withdrawn any of the recorded certificates.

Debtor indicated that she had no interests in partnerships or joint ventures on Schedule B or on the initial or amended Statement of Financial Affairs.  Lam Exhibit No. 1, Schedule B, page 4; Lam Exhibit No. 1 and 2.  However, Debtor

testified that she sued her former partner's estate.  She also admitted that she did not list this claim as an asset.  Debtor had no co-debtors listed on Schedule H but testified that her ex-husband was a co-debtor and liable with her on the debt to the IRS.  Lam Exhibit No. 1, Schedule H.

The court takes judicial notice of the docket sheet and all filings in the instant case and in Case No. 10-37981-H4-7. In Case No. 10-37981-H4-7, United States Bankruptcy Court, Southern District of Texas, *In re Lai and Hai Nguyen*, Judge Bohm issued sanctions against Vicki Lam and found that she, collectively with two other individuals, acted in bad faith by making materially false representations and used the bankruptcy system to further a fraudulent loan modification scheme.

Based upon the above findings of fact and conclusions of law, the court will enter a separate Judgment granting the Trustee's motion to dismiss.

Signed at Houston, Texas on January 11, 2016.

*/s/ Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE